IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PROACTIVA MEDIO AMBIENTE, S.A.<br><br>**PETITIONER**<br><br>V.<br><br>HECTOR HOYOS ALIFF; BIOMETRICS IMAGINEERING, INC.; TRANSACTIONAL TECHNOLOGIES INTERNATIONAL, LTD.<br><br>**RESPONDENT** | CASE NUM.<br><br>COLLECTION OF ARBITRATION AWARD |

**PETITION FOR COLLECTION OF ARBITRATION AWARD**

COMES NOW the petitioner, Proactiva Medio Ambiente, S. A., through the undersigned attorney, and most respectfully states and prays:

### I. PARTIES JURISDICTION AND VENUE

1. Petitioner, Proactiva Medio Ambiente, S. A. (hereinafter PROACTIVA) is a corporation organized and existing under the laws of the Kingdom of Spain, with its principal place of business in Madrid, Spain.

2. Respondent, Biometrics Imagineering, Inc. (hereinafter Biometrics) is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico.

3. Respondent, Héctor Hoyos Aliff, is a Puerto Rico natural with permanent residence in the State of New York, United States of America.

4. Respondent, Transactional Technologies International, Ltd. (TTD, LTD.), is a legal entity organized under the laws of the British Virgin Islands.

5. This Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, due to the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. and under 28 U.S.C. § 1331, since there is complete diversity of citizenship among Petitioner and Respondents and the amount in controversy exceeds the present minimum requirement of $75,000.00.

6. Venue is proper in the District of Puerto Rico because the arbitration agreement is silent as to the court in which actions to enforce arbitration awards should be filed and this is the United States Court in and for the judicial district in which the Arbitration Award sought to be collected was made.

**FACTS**

7. Proactiva and Respondent Hector Hoyos formed in Puerto Rico a corporation by the name of Transactional Technologies International, Inc. (TTI).

8. On November 3, 1999, Proactiva and Hoyos, on his own behalf and on behalf of Biometrics, entered into an agreement entitled "Acuerdo Marco". Pursuant to the Acuerdo Marco, the parties, through TTI, agreed to develop in Puerto Rico a project called Reserva.

9. In the Acuerdo Marco, the parties agreed to share the profits and losses sustained by TTI in the development of Reserva.

10. Section twelve (12) and Article XI of Attachment V of the Acuerdo Marco provide that all disputes and controversies between the parties arising thereunder would be submitted to arbitration.

11. On October, 2, 2002, Proactiva and TTI, Inc. commenced an arbitration proceeding against Hoyos, Biometrics and TTI, LTD. On December 31, 2005, the Respondents in the arbitration filed their answer to the arbitration demand and a counterclaim.

12. Pursuant to the arbitration clause of the Acuerdo Marco, the parties submitted the dispute to the Arbitration Panel constituted for the matter.

13. The arbitrators held hearings and heard evidence, with both parties attending, and based on all the evidence issued an award in writing ('the Arbitration Award"). The Arbitration Award is dated August 23, 2005, copy

of which is attached to this Petition as Exhibit A. On October 6, 2005, the arbitrators also awarded costs in the sum of $100,774.78.

14. According to the Arbitration Award, the respondents are obligated to pay to the petitioners the amount of $3,215,993.80 plus interests from the day of the notification of the Award. On September 25, 2005, the respondents filed an Appeal of the Arbitration Award before the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part. Proactiva opposed to the appeal and requested the confirmation of the award. On March 8, 2005, and notified and registered on March 29, 2005, the Court of First Instance issued a Judgment confirming the Arbitration Award[1].

15. On April 18, 2006, the Respondents filed an Appeal (which was later converted into a Certiorari) before the Court of Appeals of the Commonwealth of Puerto Rico. Proactiva opposed to the appeal and requested the confirmation of the Award. On December 18, 2006 and notified and registered on December 22, 2006, the Court of Appeals issued a Judgment denying the appeal and confirming the Arbitration Award.

---

[1] The Court of First Instance issued an Amended Judgment *Nunc Pro Tunc* on May 20, 2006, which was notified on June 1, 2006.

4

16. Presently, the Arbitration Award and the Judgment confirming the same are final and firm and Proactiva hereby seeks the jurisdiction of this Court to collect the same.

17. According to the Arbitration Award, the respondents owe to the petitioners the amount of $3,858,490.16, which include the costs awarded, interests until December 22, 2007, and continues to accrue $636.09 daily in interests.

18. This petition is authorized by the terms of the arbitration agreement, the Federal Arbitration Act, and the award itself.

**WHEREFORE**, it is respectfully requested from this Honorable Court that:

a) Process and due form of law according to the rules and practices of this Honorable Court be issued against the respondents; and

b) Judgment be entered against all Respondents for the sums awarded in the Arbitration Award and any other charges that may accrue thereon, together with interest, costs, expenses and reasonable attorney's fees;

c) Petitioner be granted such other and further relief as may be proper in law.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 21st day of December, 2007.

S/GIANCARLO FONT-GARCIA

**GIANCARLO FONT GARCIA**
**USDC-PR NO. 210612**
*RIVERA-CARRASQUILLO, MARTINEZ & FONT*
*LAW OFFICES*
*PO BOX 9024081*
*SAN JUAN, PR  00902-4081*
*TEL. (787) 622-6999/ FAX. (787)622-6996*
*gfont@drcprlaw.com*